# Swissvale Borough, Appellant, *v.* Pittsburgh & Connellsville Railroad Company.

*Railroads—Obstruction of public road—Uncertainty as to location—Injunction—Equity—Appeals.*

1. In a proceeding in equity to enjoin the obstruction of a public road or highway, if there be uncertainty as to the location of the road, that is, if there is uncertainty whether the locus in quo is a public road, an injunction will not go out.

2. On a bill in equity against a railroad company for a mandatory order to compel the removal of tracks from a public road, a decree refusing the order will be affirmed where facts are found at the request of defendant, and not assigned as error, to the effect that the railroad company had never in any way encroached upon the public road in question.

Argued Nov. 1, 1912. Appeal, No. 181, Oct. T., 1912, by plaintiff, from decree of C. P. No. 4, Allegheny Co., Third Term, 1911, No. 35, on bill in equity in case of Swissvale Borough v. Pittsburgh & Connellsville Railroad Company, and Baltimore & Ohio Railroad Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction.
The opinion of the Supreme Court states the case.

*Error assigned* was decree refusing order to remove the tracks.

*Joseph F. Mayhugh,* for appellant.

*William Watson Smith,* of *Gordon & Smith,* for appellees.

OPINION BY MR. JUSTICE BROWN, January 6, 1913:
The complaint of the Borough of Swissvale is that the appellees have encroached upon and obstructed a public

highway known as Braddock's Field Plank road or River road, and extending east and west through the entire length of the borough. The relief prayed for is (1) for an injunction restraining the defendants from encroaching upon and obstructing the said road; and (2) for a mandatory order directing them to remove the tracks, embankments, rails, ties, timber and other obstructions alleged to have been placed by them on said highway, and to restore and open it for public use as originally laid out. By the decree appealed from partial relief was granted in ordering the defendants to remove an embankment found to have been on the road, but complaint is made of the refusal of a mandatory injunction to compel them to remove their tracks and other obstructions which they are alleged to have placed on the highway.

In a proceeding in equity to enjoin the obstruction of a public road or highway, if there be uncertainty as to its location—that is, if there is uncertainty whether the locus in quo is a public road—an injunction will not go out: Bunnell's Appeal, 69 Pa. 59. The seventh fact found by the learned chancellor is as follows: "Assuming the road in question to have been actually opened on the ground to a width of sixty feet, throughout its length in the Borough of Swissvale, and assuming that if it could now be accurately located, it would be subject to the jurisdiction of the borough, it is impossible, under the evidence, to find as a fact, that any of the tracks of the defendant companies are on any part of the road, because (ignoring the plan at No. 235, October Term, 1859, as it must be ignored, by reason of its glaring inaccuracies, fully shown by the evidence) it does not appear that any part of the tracks is on what was ever the traveled part of the road, and the location of the remaining portion of the sixty feet in width has not been definitely ascertained. Therefore, it is found, as a fact, that no main track nor siding (except the siding where it crosses almost at right angles the road) is on the

public road." Here is a distinct finding, not only that it had not been shown that the tracks of the appellees were on the travelled portion of the road, but that the remaining portion of the sixty feet in width had not been definitely ascertained. This finding has been assigned as error, and we have carefully considered the reasons forcefully advanced by counsel for appellant in asking that it be set aside, but have not been persuaded that it ought to be disturbed. It is not necessary to give our reasons for this conclusion, especially in view of two facts found at the request of the defendants, which were not excepted to in the court below and are not assigned as error here. They are as follows and go to the very marrow of the case: "First: The right of way of the Pittsburgh & Connellsville Railroad Company extends through the Borough of Swissvale from east to west, including five tracks at the west end of said borough and four tracks at the east end of the borough. The said right of way as now occupied by defendants has been so occupied since about 1882, except that the two northerly tracks were laid about 1904 or 1905, and no part of said right of way, or the tracks included therein or the embankments or other supports thereof, is upon the Braddock's Field Plank road or River road. Second: The Denniston yard of defendants in the Borough of Swissvale is south of the line of the fence formerly constituting the north boundary of the former Henry Denniston property, the northernmost track in said yard being south of said fence line, and said yard as now occupied by defendants has been so occupied since about 1904 or 1905. No part of said Denniston yard, or the tracks included therein, is upon the Braddock's Field Plank road or River road." With these facts distinctly found and unchallenged by exception or assignment, we can do nothing but dismiss this appeal. If the appellees did not do the things they are alleged to have done, what is there for them to undo under a mandatory injunction?

Appeal dismissed at appellant's costs.